UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SMITH VIL,
      Plaintiff,


      v.                                         CIVIL ACTION NO.
                                                 11-10780-GAO


PRICEWATERHOUSECOOPERS LLP,
CHRISTINE LENNON, SARAH
McENEANEY and MANDY LAU,
      Defendants.



**MEMORANDUM AND ORDER RE:
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT
(DOCKET ENTRY # 27)**

**January 14, 2013**



**BOWLER, U.S.M.J.**

      Pending before this court is a motion to amend the

complaint (Docket Entry #27) filed by plaintiff Smith Vil

("plaintiff") under Rule 15, Fed. R. Civ. P. ("Rule 15").  After

conducting a hearing on October 17, 2012, this court took the

motion (Docket Entry # 27) under advisement.

                    PROCEDURAL BACKGROUND

      The parties' dispute arises out of plaintiff's employment

at defendant PricewaterhouseCoopers LLP ("PwC" or "defendant").

The first amended complaint sets out the following causes of

action:  (1) racial discrimination in violation of 42 U.S.C. §

2000-e ("Title VII") and Massachusetts General Laws chapter 151B

("chapter 151B") (Count One); and (2) retaliation in violation

of Title VII and chapter 151B (Count Two).  (Docket Entry # 3).

Plaintiff seeks to assert an additional claim of wrongful

discharge against defendant under Title VII and under chapter

151B.  (Docket Entry # 27, Ex. 1).  PwC and defendants Christine

Lennon, Sarah McEneaney and Mandy Lau (collectively

"defendants") submit that the amendment is improper on the basis

of futility because it is untimely under Title VII and does not

meet the jurisdictional requirements of chapter 151B.  (Docket

Entry # 28).

<u>STANDARD OF REVIEW</u>

It is well settled that futility constitutes an adequate

basis to deny amendment.  <u>See</u> <u>Universal Communications Systems,</u>

<u>Inc. v. Lycos, Inc.</u>, 478 F.3d 413, 418 (1st Cir. 2007); <u>Maine</u>

<u>State Building and Construction Trades Council, AFL CIO v.</u>

<u>United States Department of Labor</u>, 359 F.3d 14, 19 (1st Cir.

2004).  "An amendment is futile if it could not withstand a Rule

12(b)(6) motion to dismiss."  <u>Menard v. CSX Transp., Inc.</u>, 2012

WL 13372, at *5 (D.Mass. Jan. 3, 2012).  To survive a Rule

12(b)(6), Fed R. Civ. P. ("Rule 12(b)(6)"), motion to dismiss,

the complaint must include factual allegations that when taken

as true demonstrate a plausible claim to relief even if actual

proof of the facts is improbable.  <u>See</u> <u>Bell Atlantic v. Twombly</u>,

550 U.S. 544, 555–558 (2007); see, e.g., Kenney v. State Street Corp., 2011 WL 4344452, at *2 (D.Mass. Sept. 15, 2011) (applying Rule 12(b)(6) Twombly standard in assessing futility of proposed amendment).  Thus, while "not equivalent to a probability requirement, the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully." Boroian v. Mueller, 616 F.3d 60, 65 (1st Cir. 2010) (internal quotation marks omitted).  "[A]ccepting as true all well-pleaded facts in the complaint and making all reasonable inferences in the plaintiff's favor," Id. at 64, the "factual allegations 'must be enough to raise a right to relief above the speculative level.'"  Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010).

FACTUAL BACKGROUND

A prior Memorandum and Order set out the facts in the first amended complaint.  Familiarity with such facts is assumed and accordingly they need not be repeated.

The proposed second amended complaint sets out the following additional facts.  On September 15, 2010, plaintiff realized that a 2008 email from defendant Mandy Lau ("Lau"), in which she praised his work, disappeared from his archived emails on his PwC issued laptop.  (Docket Entry # 27, Ex. 1). Plaintiff emailed several members of management to complain about the deleted emails and the "discriminatory treatment" he was subject to during the course of his employment at PwC.

(Docket Entry # 27, Ex. 1).   On September 16, 2010, plaintiff received a message from Eric Pugh ("Pugh"), Human Resources Leader, and Christina Lodde, Human Resources Manager, not to come in to work while an investigation was being performed. Plaintiff was told he would be contacted about when to return to work.  (Docket Entry # 27, Ex. 1).  Plaintiff returned to work on or about September 27, 2010, after Pugh contacted him and told him to return.  (Docket Entry # 27, Ex. 1).  After returning to work, plaintiff had a meeting with Sherry Davis. (Docket Entry # 27, Ex. 1).  Plaintiff was not told the results of the investigation, however, he was reprimanded and given a memo about the reprimand.  (Docket Entry # 27, Ex. 1).

From December 2010 to January 24, 2011, when plaintiff was discharged from his position with PwC, he was "under tremendous pressure by his superiors" to change the evaluation of a white employee, William Parmentier ("Parmentier"), who worked under him on a project at John Hancock.  (Docket Entry # 27, Ex. 1). Parmentier had already agreed with the evaluation, but Phil McGuire, a manager, and LoriLynn McSweeney, a partner, disagreed.  (Docket Entry # 27, Ex. 1).  On January 13, 2011, plaintiff, after being "harassed" by Joe Colagiovanni ("Colagiovanni"), a manager, who accused plaintiff of being late for the first time in six years, requested that Colagiovanni

stop harassing him "as a human being and a black man," or plaintiff would resign.  (Docket Entry # 27, Ex. 1).

On January 24, 2011, 11 days later, plaintiff received a telephone call from Davis to meet him in an office on the eleventh floor and not to meet with the client at John Hancock. (Docket Entry # 27, Ex. 1).  Plaintiff complied and met with Diane Fernandes, Human Resources Manager, who handed plaintiff a termination letter and his last paycheck.  (Docket Entry # 27, Ex. 1).  Plaintiff was paid six weeks severance.  (Docket Entry # 27, Ex. 1).  In August 2011, plaintiff filed the wrongful termination charge at the Equal Employment Opportunity Commission ("EEOC") and on June 8, 2012, plaintiff received a letter from the EEOC informing him that he had 90 days to file a lawsuit to assert the wrongful termination charge.  (Docket Entry # 27, Ex. 1).

## DISCUSSION

### I.  Title VII Claim is Time Barred

PwC argues that the proposed Title VII claim is untimely. (Docket Entry # 28).  Under Title VII, a claimant must file suit within 90 days of receiving notice of his right to sue from the EEOC.  See 42 U.S.C. § 2000e-5(f)(1) (if charge "is dismissed by the Commission . . . [it] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought"); see Jorge v. Rumsfeld, 404 F.3d 556.

564 (1st Cir. 2005) (employee must sue within 90 days from the time EEOC "dismissed the charge or that the government has failed to address the employee's grievance").  The 90 day time period begins to run when the notice is received by the claimant.  See Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 36 (2nd Cir. 2011).  The time limitation cannot be extended "by even one day" and is "strictly enforced" unless there is a recognized equitable exception.  See Rice v. New England College, 676 F.2d 9, 10-11 (1st Cir. 1982) (affirming dismissal of Title VII claim filed 91 days after receipt of EEOC's right-to-sue notice); accord Abraham v. Woods Hole Oceanographic Institute, 553 F.3d 114, 115 (1st Cir. 2009) (affirming dismissal of action filed more than 90 days after issuance of EEOC's right-to-sue notice).

The 90 day time period begins when the right-to-sue letter is received from the EEOC.  See Jorge, 404 F.3d at 564 (employee may file claim as long as it is done within 90 days of receiving notice of the EEOC dismissal); see U.S. v. Municipo De Vega Alta, 244 F.R.P. 118, 123 (D.P.R. 2007) (action must "be commenced within 90 days after the movant party receives the 'right-to-sue' letter issued by the EEOC").  In the proposed second amended complaint, plaintiff acknowledges that he received the notice of the right to sue from the EEOC on June 8, 2012.  (Docket Entry # 27, Ex. 1).  Ninety days from June 8,

2012 is September 6, 2012.  Plaintiff did not file the motion to amend until September 7, 2012; 91 days after receiving notice of right to sue from EEOC.  (Docket Entry # 27).  Plaintiff sought to add the claim after it was time barred by the Title VII limitations period thereby making it is untimely under Title VII.  See Rice, 676 F.2d at 10-11; Tiberio, 664 F.3d at 38 (claim incorporating Title VII's limitation period brought under Americans with Disabilities Act dismissed because the plaintiff initiated action three days after the 90 day period was up); Perez v. Metropolitan Transp. Auth., 2012 WL 1943943, at *11 (S.D.N.Y. May 29, 2012) (dismissing Title VII claim filed 96 days after receipt of notice of right to sue); Demperio v. TSA Stores, Inc., 2012 WL 1468495, at *2 (N.D.N.Y. April 27, 2012) (Title VII claim untimely where pro se litigant filed claim five days after 90 day period ran); Jorge, 404 F.3d at 564 (action is untimely if not filed within 90 days after receiving right-to-sue notice from EEOC).  As the claim is untimely under Title VII, allowing plaintiff to add the proposed wrongful discharge claim would be futile.

## II.  Jurisdictional Basis Under Chapter 151B

Chapter 151B imposes certain jurisdictional requirements that must be met before a complaint alleging a violation may be asserted in court.  A plaintiff must file a charge with the MCAD before filing a complaint and must wait at least 90 days after

filing the charge with the MCAD to file a lawsuit.  See Mass.
Gen. L. ch. 151B, §5 (the plaintiff alleging employment
discrimination must file charge with MCAD before filing
complaint); Mass. Gen. L. ch. 151B, § 9 (the plaintiff must wait
until 90 days after filing charge with MCAD to file lawsuit
unless "a commissioner assents [to an earlier filing] in
writing").  Both of these prerequisites must be satisfied before
a lawsuit may be filed under chapter 151B.  See Alston v.
Massachusetts, 661 F.Supp.2d 117, 124 (D.Mass. 2009) (dismissing
chapter 151B claim where the plaintiff did not wait to file
claim in court until 90 days after filing charge with MCAD and
where the plaintiff filed complaint in court weeks before filing
charge with MCAD).  The plaintiff has the burden of proving
facts including that of timeliness.  Svensson v. Putnam
Investments LLC, 558 F.Supp.2d 136, 140 (D.Mass. 2008) (the
plaintiff has the "burden of proving facts that take the case
outside the statute of limitations").  The proposed second
amended complaint fails to allege or state that plaintiff
satisfied any of the requirements of chapter 151B.  Plaintiff
thus fails to set out any facts to withstand a Rule 12(b)(6)
challenge that the chapter 151B wrongful discharge is untimely.
The claim is therefore futile thereby resulting in a denial of

the motion to amend the first amended complaint to include the claim.[1]

CONCLUSION

In accordance with the foregoing discussion, the motion to amend the complaint (Docket Entry # 27) is **DENIED**.[2]

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[1]   In light of the above rulings, it is not necessary to address defendant's additional arguments in their opposition to the plaintiff's motion to amend the complaint.

[2]   A magistrate judge has "the authority to decide the motion to amend outright" under 28 U.S.C. § 636(b)(1)(A).  Maurice v. State Farm Mutual Automobile Insurance Co., 235 F.3d 7, 9 n.2 (1st Cir. 2000) (referring to a motion for leave to file an amended complaint to add a new count).