```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


SMITH VIL,
     Plaintiff,

     v.                                    CIVIL ACTION NO.
                                           11-10780-FDS
PRICEWATERHOUSECOOPERS LLP,
CHRISTINE LENNON, SARAH
McENEANEY and MANDY LAU,
     Defendants.
```

### MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION (DOCKET ENTRY # 41)

### May 14, 2013

**BOWLER, U.S.M.J.**

Pending before this court is a motion for reconsideration (Docket Entry # 41) filed by plaintiff Smith Vil ("plaintiff"). Plaintiff seeks reconsideration of this court's January 14, 2013 Order (Docket Entry # 39) on a motion to amend (Docket Entry # 27).

<u>PROCEDURAL BACKGROUND</u>

The parties' dispute arises out of plaintiff's employment at defendant PricewaterhouseCoopers LLP ("PwC" or "defendant"). On May 3, 2011, plaintiff filed a complaint against PwC, defendant Christine Lennon ("Lennon"), defendant Sarah McEneaney ("McEneaney") and defendant Mandy Lau ("Lau"). (Docket Entry #

1). Prior to defendant filing a responsive pleading to the original complaint, plaintiff filed an amended complaint on June 28, 2011. (Docket Entry # 3). The amended complaint sets out the following causes of action: (1) racial discrimination in violation of 42 U.S.C. § 2000-e ("Title VII") and Massachusetts General Law chapter 151B ("chapter 151B") (Count One); and (2) retaliation in violation of Title VII and chapter 151B (Count Two). (Docket Entry # 3).

On September 16, 2011, PwC, Lennon, McEneaney and Lau filed a motion to dismiss on all counts of the amended complaint. (Docket Entry # 5). On June 22, 2012, this court issued a Report and Recommendation to deny the motion to dismiss as to PwC and allow the motion as to Lennon, McEneaney and Lau (collectively: "the individual defendants"). (Docket Entry # 20). On August 2, 2012, the district judge adopted the Report and Recommendation. (Docket Entry # 24).

On September 7, 2012, plaintiff filed a motion to amend the amended complaint. (Docket Entry # 27). Plaintiff sought to assert additional claims of wrongful discharge against defendant under Title VII and chapter 151B. (Docket Entry # 27, Ex. 1). PwC, the remaining defendant, objected to the amendment on the basis of futility because the Title VII wrongful discharge claim was untimely and the chapter 151B wrongful discharge claim

failed to satisfy the jurisdictional requirements under chapter 151B. (Docket Entry # 28).

On January, 14, 2013, this court denied the motion to amend the amended complaint with respect to both the Title VII and the chapter 151B wrongful discharge claims. (Docket Entry # 39). As to the former, this court determined that plaintiff did not file the Title VII claim within 90 days of receiving the Equal Employment Opportunity Commission ("EEOC") right to sue letter. (Docket Entry # 27). Rather, the proposed first amended complaint alleged that, "[o]n June 8, 2012, plaintiff received a letter from the EEOC informing him that he had 90 days to file a lawsuit to assert the wrongful termination charge." (Docket Entry # 27, Ex. 1). Plaintiff filed the motion to amend the amended complaint on September 7, 2012, in other words, 91 days after receiving the notice of right to sue letter from the EEOC. (Docket Entry # 39).

As to the chapter 151B wrongful discharge claim, this court found that plaintiff failed to meet the jurisdictional requirements under chapter 151B. (Docket Entry # 39). The proposed first amended complaint failed to allege or state that plaintiff had filed a charge with the Massachusetts Commission Against Discrimination ("MCAD") prior to filing the motion to amend the amended complaint to add the wrongful discharge claim. (Docket Entry # 39).

Having denied the motion to amend, the amended complaint (Docket Entry # 3) therefore remains the governing complaint. The June 22, 2012 Report and Recommendation sets out the relevant facts in the amended complaint which therefore need not be repeated.

Plaintiff presently seeks reconsideration of the January 14, 2013 Order (Docket Entry # 39) denying the motion to amend the amended complaint. (Docket Entry # 41). As to reconsideration of the Title VII wrongful discharge claim, plaintiff contends that the proposed first amended complaint incorrectly stated that plaintiff received the EEOC right to sue letter on June 8, 2012. (Docket Entry # 41). Plaintiff now maintains that the EEOC mailed the right to sue letter on June 8, 2012, and he received the letter on June 9, 2012. (Docket Entry # 41). To prove that the EEOC mailed the letter on June 8, 2012, plaintiff submits a copy of the EEOC letter dated June 8, 2012 (Docket Entry # 41, Ex. A), a copy of an email from EEOC Enforcement Investigator Charles Jordan stating that the EEOC letter was mailed on June 8, 2012 (Docket Entry # 41, Ex. B), and an affidavit by plaintiff declaring that he did not receive the EEOC letter on June 8, 2012 (Docket Entry # 41, Ex. C).

In the opposition to the motion for reconsideration, defendant did not raise an argument against plaintiff changing the date he alleges he received the EEOC letter. (Docket Entry

4

# 42).  Defendant simply noted plaintiff's assertion that "he received the EEOC Notice from June 8, 2012 to June 9, 2012." (Docket Entry # 42).  Under Title VII, a claimant must file suit within 90 days of receiving notice of his right to sue from the EEOC.  See 42 U.S.C. § 2000e-5(f)(1).  The 90 day time period begins to run when the notice is received by the claimant.  See Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 36 (2nd Cir. 2011).  Because plaintiff provided documentation indicating his receipt of the EEOC letter June 9, 2012, and defendant does not raise an argument opposing reconsideration of the Title VII wrongful discharge claim, see Vallejo v. Santini-Padilla, 607 F.3d 1, 7 (1st Cir. 2010); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999), this court will allow reconsideration to include this claim in the amended complaint.

Plaintiff also seeks reconsideration of the chapter 151B wrongful discharge claim.  (Docket Entry # 41).  Plaintiff submits that he satisfied the jurisdictional requirements of chapter 151B because he filed a charge with the MCAD on May 23, 2008, and on May 7, 2009, prior to filing the motion to amend (Docket Entry # 27).  (Docket Entry # 41).

Defendant objects to reconsidering and allowing the chapter 151B wrongful discharge claim.  (Docket Entry # 42).  Defendant argues that plaintiff did not file a timely MCAD charge prior to

5

filing the motion to amend to include the chapter 151B wrongful discharge claim.  (Docket Entry # 42).  Defendant also points out that notwithstanding the August 2, 2012 Order dismissing the individual defendants, the proposed second amended complaint (Docket Entry # 41, Ex. D) still refers to each individual defendant as a "defendant."  (Docket Entry # 42).

## DISCUSSION

This court has the inherent power to reconsider its own interlocutory order.  See Greene v. Union Mutual Life Insurance Company of America, 764 F.2d 19, 22 (1st Cir. 1985); Ramos v. Roman, 83 F.Supp.2d 233, 236-237 (D.P.R. 2000).  This inherent power is not governed by rule or statute and is rooted in the court's equitable power to "process litigation to a just and equitable conclusion."  In Re Villa Marina Yacht Harbor, Inc., 984 F.2d 546, 548 (1st Cir. 1993).

To succeed on a motion for reconsideration, "'the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law.'"  Mulero-Abreu v. Puerto Rico Police Dept., 675 F.3d 88, 95 (1st Cir. 2012); accord Ellis v. United States, 313 F.3d 636, 648 (1st Cir. 2002) (reconsideration "warranted if there has been a material change in controlling law" or "newly discovered evidence bears on the question"); see NPR, Inc. v. American International Insurance

6

Co. of Puerto Rico, 262 F.Supp.2d 3, 5 (D.P.R. 2003) (to justify reconsideration, a party must show "there has been some intervening development in the law, some new evidence not previously available, or that the prior order is in clear error or would operate to create a manifest injustice"); see also United States v. Rivera-Martinez, 931 F.2d 148, 150-152 (1st Cir. 1991).

As previously noted, plaintiff seeks reconsideration of the chapter 151B wrongful discharge claim.  Defendant objects and also complains that the proposed second amended complaint identifies the former individual defendants as defendants.

### A. Chapter 151B Wrongful Discharge Claim

In the motion for reconsideration, plaintiff does not present any new facts or evidence but simply states that he satisfied the jurisdictional requirements of chapter 151B. (Docket Entry # 41).  In particular, he alleges that he filed a charge with the MCAD on May 23, 2008, and another charge on May 7, 2009, prior to filing the motion to amend the amended complaint on September 7, 2012.  (Docket Entry # 41).  In its opposition, PwC accurately points out that after plaintiff was terminated on January 24, 2011, he did not file a timely MCAD charge alleging a wrongful discharge claim.  (Docket Entry # 42).  PwC states and this court agrees that plaintiff's MCAD

charges filed in 2008 and 2009 predate his purportedly wrongful discharge by several years. (Docket Entry # 42).

Plaintiff alleged in the proposed first amended complaint (Docket Entry # 27, Ex. 1) and in the proposed second amended complaint (Docket Entry # 41, Ex. D) that he filed an EEOC charge alleging a wrongful discharge claim. Neither the first nor the second proposed amended complaint states that he filed or cross filed a wrongful discharge claim with the MCAD. Plaintiff therefore fails to identify any newly discovered evidence not available at the time he filed the motion to amend. In fact, plaintiff fails to provide any new, let alone previously unavailable, evidence to support his assertion that he satisfied the jurisdictional requirements of chapter 151B with respect to the wrongful discharge claim. In other words, plaintiff does not provide additional documentation to show that he filed a timely MCAD charge relating to the wrongful discharge claim prior to filing the motion to amend the complaint to include this claim. Lacking any adequate foundation for reconsideration, the January 14, 2013 Order stands with respect to the chapter 151B wrongful discharge claim.

B. Individual Defendants

In its opposition, defendant raised an objection to plaintiff referring to the individual defendants (Lennon, McEneaney and Lau) in the proposed second amended complaint as

defendants. (Docket Entry # 42). The August 2, 2012 Order dismissed the individual defendants of all counts. (Docket Entry # 24). Notwithstanding the Order, the proposed second amended complaint still names the individual defendants in the caption and the introductory paragraph. (Docket Entry # 27, Ex. 1). Paragraphs three, four, and five also identify the individuals as defendants. (Docket Entry # 27, Ex. 1). Additionally, paragraphs 73 to 77, 79 and 81 and the prayer for relief use the plural word "defendants" and paragraph 77 and 80 refer to "individual defendants." (Docket Entry # 27, Ex. 1).

Plaintiff provides no basis to refer to Lennon, McEneaney and Lau, all former defendants, as defendants in the proposed second amended complaint. The June 22, 2012 Report and Recommendation adopted by the district judge dismissed these individuals as defendants. Plaintiff fails to establish an adequate basis to reconsider that ruling. That said, a reference in the proposed second amended complaint or any reference to Lennon, McEneaney or Lau as a "defendant" in the amended complaint (Docket Entry # 3) does not change the ruling in the August 2, 2012 Order. Simply stated, these individuals have been dismissed as defendants in this action.

## CONCLUSION

In accordance with the foregoing discussion, the motion for reconsideration (Docket Entry # 27) is **ALLOWED** as to the

wrongful discharge claim under Title VII and otherwise **DENIED**. The amended complaint (Docket Entry # 3) shall include the third cause of action in paragraphs 82 to 86 of the proposed first amended complaint (Docket Entry # 27, Ex. 1, ¶¶ 82-86) excising the references to chapter 151B in paragraphs 84 and 85.

                                    /s/ Marianne B. Bowler
                                    **MARIANNE B. BOWLER**
                                    United States Magistrate Judge